UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMUEL M. MEYERS | CIVIL ACTION |
| VERSUS | NUMBER: 12-0820 |
| STEVE RADER, WARDEN | SECTION: "H"(5) |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Samuel M. Meyers, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 3, 9, 10). For the reasons that follow, it is recommended that Meyers' petition be dismissed with prejudice.

Petitioner Meyers is a state prisoner who is presently incarcerated at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana. On February 26, 1999, Meyers pled guilty to one count of second degree kidnapping, one count of armed robbery, and one count of attempted second degree murder in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. (St. ct. rec., vol. 1 of 4). On April 27, 1999, Meyers

was sentenced to three concurrent jail terms of twenty years with credit for time served and with the sentence on the armed robbery count to be served without benefit of parole, probation, or suspension of sentence. (Id.).

Through appointed counsel, Meyers directly appealed his conviction and sentences, asking the appellate court to conduct an errors patent review after finding no non-frivolous issues to raise on appeal. (St. ct. rec., vol. 1 of 4). On January 12, 2000, the Louisiana Fifth Circuit Court of Appeal affirmed Meyers' conviction and sentences but remanded the matter to the trial court with instructions to advise Meyers of the prescriptive period for filing an application for post-conviction relief. State v. Meyers, 761 So.2d 832 (La. App. 5th Cir. 2000)(table). (St. ct. rec., vol 2 of 4). From that unfavorable ruling, Meyers did not seek writs from the Louisiana Supreme Court within the thirty days prescribed by Louisiana Supreme Court Rule X, §5(a), thus making his conviction final at the expiration of that thirty-day time period on February 12, 2000. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further review expires); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

Thereafter, a review of the state court record reflects that Meyers had no challenges to his conviction pending before the state

courts until May 11, 2001, some one year and three months later, when he signed his first application for post-conviction relief. (St. ct. rec., vol. 2 of 4). Except as will be discussed infra, a recitation of the remainder of Meyers' state court proceedings is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Meyers have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that his conviction became final on February 12, 2000, Meyers had no challenges to his conviction pending before the state courts until he signed his first application for post-conviction relief on May 11, 2001, approximately one year and three months later. By that time, the §2244(d) limitation period had already

run its course, making his present petition untimely. That being the case, and because no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000), it will be recommended that Meyers' petition be dismissed with prejudice.

Alternatively, even if Meyers' petition was not untimely, the Court would be unable to review the claim for relief that he presents herein. Meyers alleges that he was not afforded a juvenile transfer/custody hearing prior to pleading guilty to the charges of which he stands convicted. When that claim was presented to the Louisiana Supreme Court in Meyers' most recent writ application to that tribunal, that court refused to consider the merits of the claim, State ex rel. Meyers v. State, 83 So.3d 1039 (La. 2012), instead finding it to be time-barred under Article 930.8 of the Louisiana Code of Criminal Procedure which provides that no application for post-conviction relief can be considered by the state courts if it is filed more than two years after a defendant's conviction has become final. The Fifth Circuit having determined that Article 930.8 constitutes an independent and

adequate state procedural rule that is regularly applied by the state courts, Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997), cert. denied, 523 U.S. 1125, 118 S.Ct. 1811 (1998), the Court is unable to review the merits of Meyers' claim unless he can establish cause and actual prejudice as a result of the alleged constitutional violation, or if he demonstrates that the failure to entertain the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). Because no external impediment prevented Meyers from presenting his claim for relief to the state courts within two years of the finality of his conviction, he cannot establish cause for his procedural default. Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004), cert. denied, 543 U.S. 1124, 125 S.Ct. 1067 (2005). Without a showing of cause, the Court need not consider the element of prejudice. Murray v. Carrier, 477 U.S. 478, 494-95, 108 S.Ct. 2639, 2649 (1986). And because Meyers makes no showing of factual innocence he has not shown that a fundamental miscarriage of justice will occur if his claim is not considered. Glover, 128 F.3d at 904.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Samuel M. Meyers be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 17th day of May, 2013.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE